UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK LARUE,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS,<br><br>　　　　　Respondent. | NO.  CV-08-5069-JPH<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DIRECTING TRANSFER TO NINTH CIRCUIT COURT OF APPEALS |

　　　BEFORE THE COURT are Petitioner's Objections to the Report and Recommendation to transfer this action to the Ninth Circuit Court of Appeals as a second or successive petition under 28 U.S.C. § 2244. Petitioner is currently serving a sentence for assault in the first degree, Walla Walla County cause number 73127.  This sentence was consecutive to other sentences and Petitioner began serving it in 1997.

　　　In Mr. LaRue's prior federal petition, cause number CV-07-243-EFS, filed July 20, 2007, he challenged the decisions of the Washington State Department of Corrections and the Indeterminate Sentence Review Board to deny him "earned time" under the first degree assault sentence.  Petitioner contends his current petition should not

ORDER ADOPTING REPORT AND RECOMMENDATION AND DIRECTING TRANSFER TO NINTH CIRCUIT COURT OF APPEALS -- 1

be construed as a successive petition because "the parties, statutes and credits under review . . . are entirely different . . . ."

The court is not persuaded by this contention. Mr. LaRue named the Department of Corrections in his prior habeas action, as well as in this action. He is challenging the length of the same first degree assault sentence under Walla Walla County cause number 73127. Both actions involve his ability to reduce that sentence, either through the application of earned time credits or good conduct credits.

Attached to Mr. LaRue's petition is the "Washington Department of Corrections Earned Early Release Credits" dated May 26, 2007 (Ct. Rec. 1, Exhibit A). According to this document, Petitioner had the potential to earn 1440 days of good conduct time on his sentence from Walla Walla County, cause number 73127, yet he had already lost 2386 days of good conduct time. Petitioner asserts he has not "lost" any good conduct time since 1997. While this may be true, the deficit of already lost good conduct time clearly exceeded the potential 1440 days Petitioner could have earned while serving this sentence. He does not assert he has lost good conduct time that he is recorded as having already accumulated. He does not identify any earned early release days for good conduct he has been recommended to receive. The court cannot restore that which was never available to Petitioner.

For the reasons set forth above and by the Magistrate Judge, **IT IS ORDERED** the Report and Recommendation (Ct. Rec. 3) is **ADOPTED in its entirety**. Accordingly, **IT IS ORDERED** this case is **TRANSFERRED** to the Ninth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-3(a).

ORDER ADOPTING REPORT AND RECOMMENDATION AND DIRECTING TRANSFER TO NINTH CIRCUIT COURT OF APPEALS -- 2

    Petitioner is advised this transfer does not of itself constitute compliance with § 2244(b)(3) and Ninth Circuit Rule 22-3; he must still file an application for leave to proceed in the Court of Appeals and make the showing required by § 2244(b)(2). Petitioner is directed to consult this statute and Ninth Circuit Rule 22-3 for further information.

    **IT IS SO ORDERED**. The District Court Executive is directed to transfer all original documents to the Ninth Circuit Court of Appeals. The District Court Executive shall, however, retain a copy of the petition and of this Order in the file. The District Court Executive is further directed to enter this Order, forward a copy to Petitioner, and close the file.

    **DATED** this     15th    day of December, 2008.

                             ***s/Lonny R. Suko***

                             LONNY R. SUKO
                       UNITED STATES DISTRICT JUDGE